**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANICE WOLK GRENADIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-0743 (UNA) |
| ) | |
| WELLS FARGO BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Federal Rule of Civil Procedure 8(a) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." "Taken together," these requirements "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)). That clarity is necessary to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), so that they may prepare an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Even bearing in mind the more forgiving standards applied to *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), plaintiff's complaint utterly fails to meet Rule 8's minimal pleading standard.

Plaintiff appears to sue every individual, corporate entity, and elected official having any conceivable role to play in the foreclosure of property in Alexandria, Virginia on March 30,

1

2018.  The complaint is rambling, disorganized, and likely duplicative of complaint dismissed without prejudice for its failure to comply with Rule 8.  *See Grenadier v. Wells Fargo Bank Nevada National Association*, No. 1:20-cv-2570 (D.D.C. Sept. 28, 2020), *aff'd*, No. 20-5384 (D.C. Cir. Apr. 19, 2021).  The Court refuses to "burden . . . the part[ies] who must respond to it" by forcing them to "select the relevant material from a mass of verbiage," *Ciralsky*, 355 F.3d at 669 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)), and will dismiss the complaint *sua sponte* without prejudice, *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply" with Rule 8's requirements, "the district court has the power, on motion or *sua sponte*, to dismiss the complaint," especially in "cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotation marks omitted)).

    An Order is issued separately.

DATE: April 7, 2022

/s/
TIMOTHY J. KELLY
United States District Judge